**NOT FOR PUBLICATION**

FILED
DELAWARE SUPERIOR COURT
DEC 0 1 1993
*Richard A. Dailey*
JUDGE

FILED
CLERKS OFFICE
DELAWARE CO., INDIANA
DEC -1 1993
*Mary Alice Clancy*
CLERK

ATTORNEY FOR APPELLANT:

JACK QUIRK
Attorney at Law
Muncie, IN 47305

ATTORNEYS FOR APPELLEE:

PAMELA CARTER
Attorney General of Indiana

LISA M. PAUNICKA
Deputy Attorney General

Office of Attorney General
Indianapolis, IN 46204-2794

# IN THE
# COURT OF APPEALS OF INDIANA
# FIFTH DISTRICT

| | |
|---|---|
| WILLIAM BARNHOUSE, | ) |
| Appellant-Defendant, | ) |
| vs. | ) No. 18A05-9304-CR-137 |
| STATE OF INDIANA, | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE DELAWARE SUPERIOR COURT
The Honorable Richard A. Dailey, Judge
Cause No. 18D02-9204-CF-46

RUCKER, J.

## MEMORANDUM DECISION


DEFENDANT'S EXHIBIT A

Defendant-Appellant William Barnhouse was convicted of Rape, as a Class A felony[1] and Criminal Deviate Conduct, as a Class A felony.[2] He raises two issues for our review which we consolidate and rephrase as: whether the trial court erred in denying Barnhouse's motion to suppress identification evidence.

We affirm.

In the early morning hours of April 21, 1993, P.L. left her apartment and walked toward a convenience store located approximately one block away. As she walked through an alley leading to the store, she was approached by Barnhouse. While riding his bicycle alongside P.L., Barnhouse asked her whether she wanted to "go party." Record at 379A. P.L. declined, whereupon Barnhouse produced a knife, placed it against P.L.'s side and threatened to kill her. Barnhouse forced P.L. to walk with him to an area behind a nearby vacant building. Once there, Barnhouse ordered P.L. to remove her slacks and lie on the ground. When P.L. refused, Barnhouse moved the knife toward P.L.'s face and said he would kill her unless she complied. Succumbing to Barnhouse's threats, P.L. removed her clothing and lay down. Barnhouse then raped P.L. and forced her to perform fellatio. After the assault, P.L. quickly dressed and began walking away from the scene. As she left, Barnhouse walked beside her warning that if she reported the rape he would kill her. Barnhouse then mounted his bicycle, circled around P.L.

---

[1] Ind. Code § 35-42-4-1.

[2] Ind. Code § 35-42-4-2.

several times as she walked, then rode away. As soon as Barnhouse was out of sight, P.L. ran to a nearby convenience store and reported the incident to a store employee.

Police were summoned, and shortly thereafter Officer Fonda King arrived on the scene. P.L. told Officer King that she had been raped and provided a description of her attacker. Officer King placed a "Be On the Lookout" bulletin over police radio with the assailant's description.

Approximately one hour later, a police officer responding to the bulletin observed Barnhouse riding his bicycle a short distance away from where the rape occurred. The officer detained Barnhouse and contacted Officer King. When Officer King learned Barnhouse had been apprehended, she informed P.L. police had detained a "possible suspect" who "fit the description" of her assailant. Record at 425. Officer King then transported P.L. to Barnhouse's location. When P.L. arrived, she saw Barnhouse standing next to three police officers and their squad cars. P.L. immediately recognized Barnhouse and identified him as the man who assaulted her. P.L. also recognized Barnhouse's bicycle and the knife he was carrying as those used in the attack.

Barnhouse was arrested and charged with Rape and Criminal Deviate Conduct. Prior to trial, Barnhouse moved to suppress evidence of P.L.'s pre-trial identification and any in-court identification by P.L. The trial court denied the motion, and evidence of the prior identification as well as P.L.'s in-court identification of Barnhouse was introduced at trial without

objection. A jury convicted Barnhouse as charged. This appeal ensued.

Barnhouse contends the trial court erred in denying his motion to suppress and allowing the identification evidence. According to Barnhouse, the pre-trial identification procedure was unduly suggestive, tainting any subsequent in-court identification. Specifically, Barnhouse claims that informing P.L. that Barnhouse was a "possible suspect" and allowing her to view him as he was surrounded only by uniformed police officers unnecessarily marked him as "the" suspect. Brief of Appellant at 11. Also, Barnhouse argues P.L.'s description of her attacker was inconsistent with his appearance at the time he was apprehended, thus demonstrating the likelihood of misidentification resulting from the procedure.

We first note that Barnhouse's failure to object to admission of the identification evidence at trial results in waiver of the issue. See Simpson v. State (1987), Ind., 506 N.E.2d 473. Waiver notwithstanding, we address the merits of Barnhouse's claim.

Where a trial court has admitted evidence of both a pre-trial and an in-court identification of the accused by the same witness, we must determine whether, under the totality of the circumstances, the pre-trial confrontation was so unnecessarily suggestive and conducive to irreparable mistaken identification that the accused was denied due process of law. Brooks v. State (1990), Ind., 560 N.E.2d 49, reh'g denied. If, under the totality of the circumstances, we find the out-of-court

procedure was not impermissibly and unnecessarily suggestive, evidence of both the pre-trial identification and the in-court identification is properly admissible. Id. at 55.

Our supreme court recently approved an identification procedure similar to the one at issue here. In Letica v. State (1991), Ind., 569 N.E.2d 952, two victims were told, prior to identifying the defendant, they would be viewing a "suspect who possibly matched the description" of their assailant. Id. at 954. The victims were allowed to identify the defendant as he stood next to a number of police officers. Id. at 956. The court held the procedure was not impermissibly suggestive, noting the well-established rule that one-on-one confrontations, even though suggestive, are proper in circumstances where they occur immediately after the crime is committed. Id. at 956. Such confrontations are allowed "because of the value of permitting a witness to view a suspect while the image of the perpetrator is fresh in the witness's mind." Head v. State (1982), Ind., 443 N.E.2d 44, 55.

Here, as in Letica, the identification occurred shortly after commission of the crime and under circumstances in which the victim had ample opportunity to view her attacker. The record reveals P.L. observed Barnhouse as he approached her on his bicycle, viewed him at close range during the attack and observed him after the attack in an area illuminated by street lamps. P.L. identified Barnhouse less than two hours after the assault and, at the time of the identification, indicated she was "sure" Barnhouse was her attacker.

In addition, contrary to Barnhouse's claim, P.L.'s description of her assailant was largely consistent with Barnhouse's appearance at the time of his apprehension. P.L. described her attacker as a white male, 5'9" to 5'10" in height, of slim build, with dark brown shoulder-length hair, a mustache, a bad complexion, an unpleasant body odor and an underbite which caused his chin to protrude beyond his upper lip. He wore a gray sweatshirt and light blue jeans and was riding a black bicycle with curved handlebars and a chain underneath the seat.

Barnhouse is 6'1" tall and, at the time he was apprehended, his hair was the length and color described by P.L. Also, he had several days growth of facial hair, and his face and body odor otherwise matched the description given by P.L. He wore a black tee-shirt, blue jacket and blue jeans, and rode a blue bicycle with curved handlebars and a chain as P.L. described. Officer King testified that at the time of his arrest, Barnhouse appeared to be of "medium to thin" build. Record at 436. Also, Barnhouse carried a knife which P.L. recognized as the weapon used in the attack. The identification procedure was not unduly suggestive and the trial court properly admitted evidence of both the pre-trial and in-court identifications by P.L.

Judgment affirmed.

J. BARTEAU and J. STATON, CONCUR.

IN THE COURT OF APPEALS

_____ 1993 _____ Term, 19___

William Barcham

vs.

State of Indiana

**CERTIFICATION**

DWAYNE BROWN
Clerk Court of Appeals

# CERTIFICATION

**STATE OF INDIANA** } SS:
COURT OF APPEALS

I, Dwayne Brown, Clerk of the Court of Appeals of the State of Indiana, certify the above and foregoing to be a true and complete copy of _the opinion_ of said Court in the above entitled cause.

IN WITNESS WHEREOF, I hereto set my hand and affix the seal of _the Clerk of the_ said Court, at the City of Indianapolis, this _24_ day of _Nov._, 19_93_.

_Dwayne Brown_ CLERK