FILED
DELAWARE SUPERIOR COURT 2
DELAWARE COUNTY, INDIANA

SEP 2 9 1994

*Richard A. Dailey*
JUDGE

Dealware Superior Court #2
Attn: Mary Alice Cherry, Clerk
P.O. Box 1089
Muncie, Indiana. 47308

FILED
CLERKS OFFICE
DELAWARE CO.

SEP 2 9 1994

*Mary Alice Cherry*
CLERK

September 27th., 1994

Dear Ms. Cherry,

    You will find enclosed an original and four (4) copies of a
Petition for Post-Conviction Relief and supporting Memorandum of
Law, which are to be filed in this Court.

    I have provided an extra copy in order that it may be returned
to me stamped, "FILED." Furthermore, it would be appreciated if
you would provide me with a docket entry.

    If you have any questions regarding this filing, please, do not
hesitate to contact me at the below address.

                            Repsectfully,

                            *William E. Barnhouse*
                            William E. Barnhouse, 894890
                            Indiana State Prison, C-241
                            P.O. Box 41
                            Michigan City, Indiana.
                                       46361-0041

                            Petitioner / Pro-se

cc: file (1)

WEB/ram



DEFENDANT'S EXHIBIT D

0001

Summary hearing
on Oct. 19, 1994 — at 9:00 a.m.
w/ notice to Pros.
State P.D. + D.

IN THE _SUPERIOR_ COURT OF __DELAWARE__ COUNTY

~~FILED~~
CLERKS OFFICE
DELAWARE CO ~~STATE~~

STATE OF INDIANA

WILLIAM E. BARNHOUSE, )
Full Name of Movant )
)
894890 )
Prison Number (if any) )
)
v. )
)
STATE OF INDIANA, Respondent. )

SEP 2 9 1994

_Mary ___ CLERK_

Case No. _____
(To be supplied by the clerk
of the court)

LOWER
CAUSE NO: _18D02-9204-CF-46_

FILED
DELAWARE SUPERIOR COURT 2
DELAWARE COUNTY, INDIANA

SEP 2 9 1994

_Richard A. Dailey_
JUDGE

## PETITION FOR POST-CONVICTION RELIEF

### INSTRUCTIONS -- READ CAREFULLY

In order for this motion to receive consideration by the court, it shall be in writing (legibly handwritten or typewritten), signed by the petitioner and verified before a person authorized to administer oaths, and it shall set forth in concise form the answers to each applicable question. If necessary, petitioner may furnish his answer to a particular question on the reverse side of the page or an additional blank page. Petitioner shall make it clear to which question any such continued answer refers.

This motion must be filed in the court which imposed sentence.

Under the provisions of Rule PC 1, petitioner is required to include in this motion every ground known to him for vacating, setting aside or correcting his conviction and sentence. Be sure to include every ground.

Since every motion must be sworn to under oath, any false statement of a material fact therein may serve as the basis of prosecution and conviction for perjury. Petitioners should therefore exercise care to assure that all answers are true and correct.

If the motion is taken in forma pauperis, it shall include an affidavit (attached at the back of the form) setting forth information which establishes that petitioner will be unable to pay costs of the proceedings. When the motion is completed, *the original and two copies* shall be mailed to the clerk of the court from which he was sentenced.

1.   Place of detention, if detained___Indiana State Prison, Michigan City_.

0003

If not, present address____N/A_____

_____

2.    Name and location of court which, and name of judge who, imposed sentence_____

Delaware Superior Court; Hon. Richard A. Dailey, Judge._____

3.    The case number and the offense or offenses for which sentence was imposed_____

18D02-9204-CF-46; Ct. I: Rape (A); Ct. II: Sexual Deviate Conduct(A).

4.    The date upon which sentence was imposed and the terms of the sentence _01/14/93;_

Ct. I: Forty (40) years; Ct. II: Forty (40) years to run consecutive

to Count I._____

_____

5.    Was the finding of guilty made:

( ) After a plea of guilty?  OR

(XX) After a plea of not guilty?

6.    Did you appeal from the judgment of conviction?

(XX) Yes          ( ) No

7.    If you answered "yes" to (6), list:

(a) The name of the court to which you appealed:_Court of Appelas of_

Indiana, Fifth District._____

(b) The result in such court and the date of such result:_____

Judgement "AFFIRMED" on October 21, 1993, in Memorandum Decision.

_____

2

0004

8.  State concisely all the grounds known to you for vacating, setting aside or correcting your conviction and sentence. (See Rule PC 1, Sec. 1a)

(a) _____ See attached Memorandum of Law. _____

_____

_____

_____

(b) _____ See attached Memorandum of Law. _____

_____

_____

(c) _____ See attached Memorandum of Law. _____

_____

_____

(If you have more grounds, use reverse side or separate sheet)

9.  State concisely and in the same order the facts which support each of the grounds set forth in (8).

(a) _____ See attached Memorandum of Law. _____

_____

_____

(b) _____ See attached Memorandum of Law. _____

_____

_____

(c) _____ See attached Memorandum of Law. _____

_____

_____

0005

10. Prior to this petition, have you filed with respect to this conviction:

(a) Any petition for post conviction relief pursuant to Rule PC 1 or PC 2?

( ) Yes    (x) No

(b) Any petitions for habeas corpus in state or federal courts?

( ) Yes    (x) No

(c) Any petitions in the United States Supreme Court for certiorari?

( ) Yes    (x) No

(d) Any other petitions, motions or applications in this or any other court?

( ) Yes    (x) No

11. If you answered "yes" to any part of (10), list with respect to each petition, motion or application:

(a) Its specific nature:

i. Motion To Compel Production of Documents from attorney.

ii. N/A

iii. N/A

(b) The name and location of the court in which each was filed:

i. Delaware Superior Court.

ii. N/A

iii. N/A

(c) The disposition of the petition, motion or application and the date of disposition:

i. Denied in July, 1994.

ii. N/A

iii. N/A

4

0006

(d) If known, citations of any written opinions or orders entered pursuant to each
disposition:

    i.  N/A

    ii.  N/A

    iii.  N/A

12.    Has any ground set forth in (8) been previously presented to this or any other court, *state
or federal*, in any petition, motion or application which you have filed?

    ( ) Yes        (x) No

13.    If you answered "yes" to (12), identify:

(a) Which grounds have been previously presented:

    i.  N/A

    ii.  N/A

    iii.  N/A

(b) The proceeding in which each ground was raised:

    i.  N/A

    ii.  N/A

    iii.  N/A

14.    Were you represented by an attorney at any time during the course of:

(a) Your preliminary hearing?

    (x) Yes        ( ) No

(b) Your arraignment and plea?

    (x) Yes        ( ) No

(c) Your trial, if any?

   ( x) Yes        ( ) No

(d) Your sentencing?

   ( x) Yes        ( ) No

(e) Your appeal, if any, from the judgment of conviction or the imposition of sentence?

   ( x) Yes        ( ) No

(f) Preparation, presentation or consideration of any petitions, motions or applications with respect to this conviction, which you filed?

   ( ) Yes        (x) No

15.    If you answered "yes" to one or more parts of (14), list:

(a) The name and address of each attorney who represented you:

   i. Jack Quirk, 117 E. Main St., Muncie, IN. 47305

   ii. N/A

   iii. N/A

(b) The proceedings at which each such attorney represented you:

   i. 14(a) through 14(e).

   ii. N/A

   iii. N/A

(c) Was said attorney:

   ( x) Appointed by the court? OR

   ( ) Of your own choosing?

16.    Have you completed service of the challenged sentence?

   ( ) Yes        (x) No

17. Have you retained an attorney to represent you in this proceeding?

     ( ) Yes        (xx) No

18. If you are without sufficient funds to employ counsel and are incarcerated in the Indiana Department of Correction, the Public Defender may represent you. If you check "NO" you lose the right to representation by the State Public Defender for the duration of this proceeding, including any appeal therefrom.

    (a) Do you wish to have the Public Defender represent you?

       ( x) Yes       ( ) No

    (b) If yes, have you completed the Affidavit of Indigency attached to this form, stating your salary, if any, amount of savings, and all property owned by you?

       (x) Yes      ( ) No

_William E Barnhouse_
Signature of Petitioner

State of ___Indiana___ )
                  )
County of _LaPorte_ )

I, ___William E. Barnhouse___, being duly sworn upon my oath, depose and say that I have subscribed to the foregoing petition; that I know the contents thereof; that it includes every ground known to me for vacating, setting aside or correcting the conviction and sentence attacked in this motion; and that the matters and allegations therein set forth are true.

_William E. Barnhouse_
Signature of Affiant

Subscribed and sworn to before me this _26_ day of _Sept_, 19 _94_.

_Harry S Berg_
Notary Public

_Harry S Berg_
Name Printed

My Commission Expires:

_Aug  27  1997_
(month)  (day)  (year)

_LaPorte_
County of Residence

7

0009

## AFFIDAVIT OF INDIGENCY

### (See instructions page 1 of this form)

I, William E. Barnhouse, hereby affirm that I have no money, stocks, bonds, property, or other means with which to pay the cost associated with this action. My average monthly salary from my prison job is just $13.00, which is used to purchase personal hygiene items from the prison commissary.

*William E Barnhouse*
Signature of Petitioner

State of    Indiana   )
                  )
County of   LaPorte   )

     I,   William E. Barnhouse  , being duly sworn upon my oath, depose and say that I have subscribed to the foregoing affidavit; that I know the contents thereof; and that the matters therein set forth are true.

*William E. Barnhouse*
Signature of Affiant

Subscribed and sworn to before me this 26 day of Sept , 19 94.

*Harry S Berry*
Notary Public

*Harry S. Berry*
Name Printed

*LaPorte*
County of Residence

My Commission Expires:

*Aug 27 1997*
(month)   (day)   (year)

8

0030

STATE OF INDIANA     )      IN THE DELAWARE COUNTY

                          )SS:

COUNTY OF DELAWARE     )     SUPERIOR COURT, NO. 2


WILLIAM E. BARNHOUSE,     )
     Petitioner,          )
                         )
                         )     LOWER
      v.                 )     CAUSE NO: <u>18D02-9204-CF-46</u>
                         )
                         )
STATE OF INDIANA,       )
     Respondent,         )


---

## MEMORANDUM OF LAW IN SUPPORT OF
## PETITION FOR POST-CONVICTION RELIEF

---


WILLIAM E. BARNHOUSE, #894890
INDIANA STATE PRISON, CCH-241
P.O. BOX 41
MICHIGAN CITY, INDIANA
46361-0041

PETITIONER / <u>PRO-SE</u>

INTRODUCTION

The purpose of Indiana's Post-Conviction Remedy (PC-R) Rule 1
is "to provide every convicted person with a vehicle for a full and
fair review upon bona fide claims of illegality not reviewable upon
direct appeal." Lamb v. State (1975) ___ Ind. ___, Ind., 352 N.E.2d
180, 184. Accordingly, courts adjudicating PC-R claims under Rule
1 "strive to review the merits of the claim rather than to preclude
review by revoking procedural technicalities." Id. at 184. In order
to promote full and fair review on the merits while also promoting
judicial economy, Rule 1, together with related rules and case law,
imposes certain requirements as to pleading and citation in PC-R
petitions. These requirements enable a reviewing court to determine
efficiently whether a PC-R petition raises any genuine issue of material
fact. Based on this determination, the court can then proceed to
hold an evidentiary hearing as soon as reasonably possible, if the
petition raises a genuine issue of material fact, or to grant a
motion for summary judgement if it does not, P-C.R. 1, §4(f)(g).

Before an issue not involving fundamental error can be raised
in a post-conviction proceeding, the petitioner must show that the
issue was unascertainable or unavailable at trial or on direct appeal.
Crisp v. State (1987), Ind., 511 N.E.2d 306, 307. Once the State
asserts that an issue was available in a prior proceeding and has
been waived by the petitioner's failure to raise it in that proceeding,
the petitioner must show a "substantial basis," such as ineffective
assistance of counsel, which would "satisfactorily mitigate his
failure to pursue the issue through normal procedure." See, Kirby v.
State (1990), Ind.App., 550 N.E.2d 1343, 1345. Allegations of ine-
ffective assistance of counsel, however, cannot be used as a means

-2-

of circumventing post-conviction rules in order to present evidence on issues that have been waived. <u>Harding v. State</u> (1989), Ind.App., 545 N.E.2d 14, 16 (petitioner cannot evade post-conviction rules simply by typing the words "ineffective assistance of counsel" across his petition). Rather, in order to raise an issue in a PC-R petition after failing to raise the issue in a timely manner at trial or on direct appeal, a petitioner must plead and prove specific facts that support a claim that his trial or appellate counsel rendered ineffective assistance in failing to raise the issue complained of. <u>Hutchison v. State</u> (1989), Ind.App., 540 N.E.2d 109, 110-11.

Fundamental error is "blatant" error that is apparant on the face of the record which, if not rectified, would deny a defendant "fundamental due process." <u>Burris v. State</u> (1990), Ind., 558 N.E.2d 1067, 1077. Fundamental error is not subject to the defenses of waiver or <u>res judicata</u>, but may be raised in a post-conviction proceeding even if not properly raised at trial or on direct appeal, and even without proof of ineffective assistance of counsel. <u>Propes v. State</u> (1990), Ind., 550 N.E.2d 755.

Furthermore, when reviewing a claim of fundamental error, a court must consider the character of the error and its effect on the trial as a whole. <u>Kremer v. State</u> (1987), Ind., 514 N.E.2d 1068. An error relating to violation of a constitutional right is not necessarily a fundamental error; to avoid the defenses of waiver and <u>res judicata</u>, "[t]he error must constitute blatant violation of basic principles, the harm or potential for harm must be substantial, and the resulting error must deny the defendant fundamental due process." <u>Wilson v. State</u> (1987), Ind., 514 N.E.2d 282, 284.

The Petitioner, William Edward barnhouse, asserts that the issues

-3-

raised in this Petition for Post-Conviction Relief constitutes funda-
mental error, requiring this Court to enter judgement in favor of
Barnhouse, vacating his conviction and granting a new trial.

## THE FACTS OF THE CASE

William E. Barnhouse was charged by way of an Affidavit of
Probable Cause (R. 9) and Information (R. 10) for the offense of
Rape, as a Class A Felony (I.C. §35-42-4-1(1)), on the 21st. day of
April, 1992.  On the 10th. day of September, 1992, Barnhouse appeared
before Judge Dailey for an Initial Hearing on Count II: Deviate
Sexual Conduct, a Class A Felony.

Barnhouse was tried by jury in the Delaware Superior Court #2,
with the Honorable Richard A. Dailey, Judge, presiding.  Said trial
commenced on December 14th., 1992, and ended on December 15th., 1992,
with the jury returning verdicts of "GUILTY, BUT MENTALLY ILL ON
BOTH COUNTS." (R. 783).

On the 14th. day of January, 1993, Barnhouse was sentenced as
follows: Count I: Forty (40) years to Indiana Dept. of Correction,
and Count II: Forty (40) years to run consecutive to Count I. The
Petitioner is currently incarcerated at the Indiana State Prison,
Michigan City.

On the 19th. day of January, 1993, Barnhouse's PRAECIPE was filed
with the trial court.  The Transcript of Evidence and Record of Pro-
ceedings were filed with the Court of Appeals of Indiana.  Then on
the 21st. day of October, 1993, the Court of Appeals of Indiana,
Fifth District, "AFFIRMED" Barnhouse's convictions in an unpublished
Memorandum Decision.  Barnhouse now files a Petition for Post-
Conviction Relief.

-4-

0014

ARGUMENT I
8(a)

THE PETITIONER, WILLIAM EDWARD BARNHOUSE, RECEIVED IN-
EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL, DENIAL OF
DUE PROCESS/DUE COURSE OF LAW AND A FAIL DETERMINATION
OF HIS APPEAL AS GUARANTEED BY THE SIXTH AND FOURTEENTH
AMENDMENTS OF THE UNITED STATES CONSTITUTION, ARTICLE
ONE, SECTIONS TWELVE, THIRTEEN, NINETEEN AND TWENTY-
THREE OF THE INDIANA CONSTITUTION.

9(a)- The right to appellate counsel has been firmly established.

Evitts v. Lucey, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 281, also,

Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674

(1984), established the standard for effective assistance of counsel,

and though it is phrased in terms of   effective assistance of trial

counsel, it can be used as a basis for establishing a standard for

effective assistance of appellate counsel.  Accord, Mato v. State

(1985), Ind., 478 N.E.2d 57, which states that effectiveness of

appellate counsel's representation is judged on appeal using the same

standard as applied to trial counsel.

When a claim of ineffective assistance of counsel is based on

failure to raise viable issues, it falls upon the petitioner to make

specific reference to portions of the transcript of the trial record

in order to present cognizable grounds for relief and genuine issues

of material fact.  See, Gossmeyer v. State (1985), Ind., 482 N.E.2d

239; Northside San. Landfill, Inc. v. Indiana Envtl. Mgt. Bd. (1984),

Ind.App., 458 N.E.2d 277; and Owen v. State (1980), Ind.App., 406

N.E.2d 1249.

When a claim of ineffective assistance of appellate counsel is

based on failure to raise viable issues, the reviewing court must deter-

mine from the record whether appellate counsel failed to raise signifi-

cant and obvious issues on appeal, and upon such a determination the

significant issues which could have been raised should then be compared

to those which were raised.

Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome. Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1986). "We hold only that the determination of whether the decision not to raise certain issues on appeal was strategic requires an examination of the trial record. In conducting such an examination, the [reviewing court] should be guided by petitioner's careful presentation of those issues which allegedly should have been raised on appeal, with accompanying citations to the trial record." Gray, supra, at 646.

Barnhouse was represented by attorney Jack Quirk (117 E. Main St., Muncie, Indiana. 47305) at trial and on direct appeal. When counsel was the same at trial and on direct appeal, the petitioner can raise the issue of ineffectiveness of counsel for the first time in post-conviction proceedings. See, McBride v. State (1994), Ind.App., 595 N.E.2d 260, 262, trans. denied.; Also, Lingler v. State (1994), Ind. App., 635 N.E.2d 1102, 1106.

A method of overcoming defense of waiver is by showing a "sub-stantial basis," such as ineffective assistance of appellate counsel, which "[s]atisfactorily mitigate his failure to pursue the issue through normal procedure." See, Kirby v. State (1990), Ind.App., 550 N.E.2d 1343, 1345, (citing Langley v. State, 256 Ind. 199, 267 N.E.2d 538, 545 (1971)). Or by showing that appellate counsel failed to pre-serve for appeal substantial appealable issues. Davis v. State (1975), Ind.App., 328 N.E.2d 768.

In accordance with Hutchinson v. State (1989), Ind.APP., 540 N.E. 2d 109, 110-11, citing Sherwood v. State (1983), Ind., 453 N.E.2d 187,

petitioner in his pleading has asserted a genuine issue of material

fact supporting a claim of ineffective assistance of appellate counsel,

in that appellate counsel failed to raise the following issues:

> 1. Appellate counsel failed to raise the issue of ineffect-
> ive assistance of trial counsel, in that trial counsel did
> not argue the insufficiency of the Charging Information as
> to Count II. (See Argument- II, paragraphs 8(b) and 9(b).

> 2. Appellate counsel failed to raise on direct appeal the
> insufficiency of the Charging Information as to Count II.
> (See Argument - III, paragraphs 8(c) and 9(c).

As stated previously, Barnhouse was represented by Jack Quirk on

direct appeal, and Mr. Quirk's performance in failing to raise merit-

orious issues that were clear on the face of the record fell far below

an objective standard of reasonableness under prevailing professional

norms, in that he was not acting as a zealous advocate as required by

the Indiana Rules of Professional Conduct.  In evaluating the effect-

iveness of Barnhouse's appellate counsel, the "[s]ame standard is

applied as to that of trial counsel." Stewart v. State (1991), Ind.

App., 567 N.E.2d 171.

Jack Quirk's deficient performance on appeal denied Barnhouse

a full and fair appellate review, and was the cause for clearly stronger

issues possibly being waived.  Hence, both components of Strickland,

supra, have been met and satisfied.

Barnhouse has carefully presented an issue  which was clearly

stronger than those raised, and which should have been raised on direct

appeal, with accompanying authorities showing the issue to be reversible

error.  Therefore, it is inescapable under both the test pronounced in

Strickland and Gray, supra, that Barnhouse was denied effective

assistance of counsel on appeal.  Wherefore, any state sponsored defense

of waiver must fail, and this Court must reach the merits of the issues

0017

herein.  Clearly, the General Assembly of Indiana has provided criminal defendants a statutory right to appeal from any judgement.  <u>Indiana Code</u> §35-38-4-1 (Burns 1985).  It is clear that appellate counsel overlooked viable issues and reversal is required.

<u>ARGUMENT II</u>
<u>8(b)</u>

THE PETITIONER, WILLIAM EDWARD BARNHOUSE, RECEIVED INEFFECT-
IVE ASSISTANCE OF TRIAL COUNSEL, DENIAL OF DUE PROCESS/DUE
COURSE OF LAW AND AN UNFAIR TRIAL AS GUARANTEED BY THE
SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES
CONSTITUTION, AND ARTICLE ONE, SECTIONS TWELVE, THIRTEEN,
NINETEEN AND TWENTY-THREE OF THE INDIANA CONSTITUTION.

9(b)- The Sixth Amendment of the United States Constitution guarantees the right to effective assistance of counsel in criminal proceedings. In <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and <u>United States v. Cronic</u>, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984), the standard for effective assistance of counsel was firmly established.  This standard has been adopted in the State of Indiana under <u>Lawrence v. State</u> (1984), Ind., 464 N.E.2d 1291; <u>also</u>, <u>Williams v. State</u> (1986), Ind.App., 489 N.E.2d 594.  The Court makes clear that ineffective assistance of counsel claims must be evaluated in light of the purpose of the Sixth Amendment's right to counsel. <u>Strickland</u>, <u>supra</u>, stated "$^3t^2$he purpose of the effective assistance guarantee of the Sixth Amendment is not to improve the quality of legal representation, although that is a goal of considerable import-ance to the legal system.  The purpose is simply to ensure that criminal defendant's receive a fair trial." <u>Id.</u>, 104 S.Ct. at 2065. (emphasis added).

"The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having

-8-

produced a just result." <u>Id.</u>, at 2055.  To establish that counsel's conduct was constitutionally defective a defendant is required to show that (1) both the conduct was deficient and (2) that this deficiency prejudiced the result.  <u>Id.</u>, 104 S.Ct. at 2055-56.

The court established guidelines for determining whether a defendant has satisfied the requirements under each of these two prongs.  The first prong being:

> When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness.

<u>Strickland</u>, <u>supra</u>, 104 S.Ct. at 2055.  With regard to the second, or prejudice prong, it is outlined as follows:

> With regard to the required showing of prejudice, the proper standard requires the defendant to show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine the confidence in the outcome.

<u>Id.</u>, at 2055-56, quoted in <u>Lawrence</u>, <u>supra</u>, at 1294.

To establish that counsel's conduct was deficient, the defendant must show counsel's specific acts and/or omissions which, viewed from the perspective of counsel at the time of the trial, fell below a standard of reasonable professional assistance.  <u>Strickland</u>, 104 S.Ct. at 2065.  In making such a showing the defendant must overcome the strong presumption that counsel "[r]endered adequate assistance and made all significant decisions in the exercise of reasonable professional judgement."  <u>Id.</u>, at 2065, quoted in <u>Lawrence</u> at 1294.

While the plain language of the Sixth Amendment guarantees a defendant "[t]he Assistance of Counsel for his defense," such language emcompasses a guarantee for the right to **EFFECTIVE** assistance of counsel.  <u>McMann v. State</u>, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d

-9-

763 (1970); Birt v. Montgomery, 725 F.2d 587 (11th Cir.)(en banc);
Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963);
and Cuyler v. Sullivan, 466 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333
(1980). Gideon, supra, rested on the obvious truth that lawyers are
"[n]ot luxuries, but necessities," in our adversarila system of criminal
justice in that partisan advocacy on both sides of a case will best
prevail and promote the ultimate objective, that being that the guilty
be convicted and the innocent go free. Herring v. New York, 422
U.S. 853, 95 S.Ct. 2550, 45 L.Ed.2d 593 (1975).

In McKinney v. Isreal, 740 F.2d 491 (1984), the United States
Court of Appeals for the Seventh Circuit held that in determining
ineffective assistance claims, the court should first turn to the
issue of prejudice. If the prejudice is there, then the court should
determine the "reasonableness" of counsel's performance in light of
Strickland, supra. Id. at 492.

The United States Supreme Court has made clear that the guarantee
of counsel cannot be satisfied by mere formal appointment. Avery v.
Alabama, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed.2d 377 (1940). "That a
person who happens to be a lawyer is present at trial alongside the
accused, however, is not enough to satisfy the constitutional command...
An accused is entitled to be assisted by an attorney, whether retained
or appointed, who plays the role necessary to ensure that the trial
is fair." Strickland, 104 S.Ct. at 2063.

In support of his claim of ineffective assistance of trial
counsel, Barnhouse presents the following:

       1. That trial counsel failed to present a defense based
    on current Indiana case law in regards to the insufficiency
    of the charging information as to Count II. (See Argument
    III, paragraphs 8(c) and 9(c)).

-10-

This Petitioner is aware that he bears the burden of proving that counsel's representation was unreasonable under prevailing norms and that the challenged action was not sound trial strategy. Strickland, supra, 466 U.S. at 688-89, 104 S.Ct. at 2065-66.

The Petitioner feels that after carefully reviewing trial counsel's errors, as outlined in this MEMORANDUM, this Court will find that trial counsel's performance was deficient and that this deficient performance prejudiced the Petitioner; and that absent counsel's error a reasonable probability exist that a different result may have been obtained.

ARGUMENT III
8(c)

THE PETITIONER, WILLIAM EDWARD BARNHOUSE, WAS TRIED AND CONVICTED FOR A FELONY OF WHICH NO FORMAL CHARGE WAS EVER BROUGHT, THUS, DENYING BARNHOUSE OF DUE PROCESS/DUE COURSE OF LAW AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION, AND ARTICLE ONE, SECTIONS TWELVE, THIRTEEN, NINETEEN AND TWENTY-THREE OF THE INDIANA CONSTITUTION.

9(c)- Barnhouse was charged by way of a Probable Cause Affidavit for Rape )I.C. §35-42-4-1(1)) and an Information on April 22, 1992. (R. 9 and 10 respectively). This was Count I in Cause No. 18D02-9204-CF-46. An Order Book Entry (R. 43) is the first mention of Count II: Criminal Deviate Conduct, a Class A Felony. This entry does not specify what statute has allegedy been violated. Likewise, the Record of Proceedings is viod of any formal charging Information and/or Affidavit of Probable Cause.

It has been established that a court can recognize fundamental error even though it was not raised at the trial, in the Motion To Correct Errors, or even in the direct appeal if the error is so blatant that it appears on the face of the record. Griffen v. State (1982),

-11-

Ind., 439 N.E.2d 160.   In a case of fundamental error it is not required to adhere to the contempotaneous objection rule or the Indiana Rule Appellate Procedure 8.3(A)(7).   Moore v. State (1982), Ind., 440 N.E.2d 1092; Grosson v. State (1980) ___ Ind. ___, 410 N.E.2d 1194; Young v. State (1967), 249 Ind. 286, 231 N.E.2d 797.

In Young, supra, Justice Hunter writing for a unanimous Court quoted from Wilson v. State (1942), 222 Ind. 63, 51 N.E.2d 848, and pronounced:

> However, as a court of review we cannot ignore a fundamental error apparant on the record, for one is not to be deprived of his liberty because of carelessness on the part of trial judge or of defense counsel in failing to call to the attention of this Court a gross error which offends our concepts of criminal justice.

In Thompson v. State (1979), ___ Ind. ___, Ind., 389 N.E.2d 274, 277, quoting Branam v. State (1974), 161 Ind. 433, 445, 316 N.E.2d 406, 408, the court stated:

> Fundamental constitutional guarantees are absolute and outside the discretion of any court to ignore or deny.

Fundamental error has been described as a failure to meet the requirements of due process of law.   To be categotized as fundamental error and thus to transcend procedural requirements, the error must be substantial and appear clearly and prospectively.   Moore, supra. Fundamental error must be such, that if not rectified, would deny defendant "fundamental due process."   Johnson v. State (1979), 271 Ind. 145, 390 N.E.2d 1005, and Burris v. State (1990), Ind., 558 N.E.2d 1067, 1077.

As long ago as 1948 the United States Supreme Court discussed a denial of due process based on a conviction affirmed under a criminal statute for violation on which a defendant has not been charged.   In

-12-

0022

<u>Cole v. Arkansas</u>, 333 U.S. 196, Justice Black, writing for a un-
animous Court, stated the following:

> It is as much a violation of due process to send an
> accused to prison following conviction of a charge on
> which he was never tried as it would be to convict him
> upon a charge that was never made.

In <u>Trotter v. State</u> (1981), Ind., 429 N.E.2d 637, 640, our
Supreme Court held:

> We are, therefore, compelled to hold that the trial
> court erred in permitting the amendment and that the
> defendant was convicted of a crime for which he had
> not been charged.

<u>Trotter</u>, <u>supra</u>, at 641.

A trial court may dismiss an indictment for failure to charge
an offense, or refuse to allow an indictment to go to the jury for
insufficient evidence, but the court may not redraft an indictment
to support a conviction on facts or theories upon which the defendant
was not charged, tried and convicted.   <u>Russell v. United States</u>, 369
U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962).

In the case at hand Barnhouse was charged with with Count I:
Rape (Class A Felony) in the proper manner as required by statute.
In regards to Count II: Criminal Deviate Conduct (Class A Felony),
Barnhouse was **NEVER** formally charged with such an offense. Therefore,
the physical evidence and witness testimony, as they apply to Count
II, erroneously contributed to the jury verdict of guilty as to
that particular count.  Barnhouse has been charged, tried and convicted
of  a crime for which he was never formally charged.  Clearly, this
constitutes a fundamental error.  Such a serious error violates all
the basic principles of the United States Constitution, Indiana
Constitution and the system of justice so long ago established by our
forefathers.

-13-

0023

## CONCLUSION

The Petitioner, William Edward Barnhouse, verily believes that the arguments, case law and authorities presented will clearly show this Court that Barnhouse received ineffective assistance of both trial and appellate counsel, as well as a denial of the Due Process rights guaranteed him by the Sixth and Fourteenth Amendments of the United States Constitution, and Article One, Sections Twelve, Thirteen, Nineteen and Twenty-Three of the Constitution of the State of Indiana.

**WHEREFORE,** the Petitioner feels that his conviction as to Count II: Criminal Deviate Conduct, a Class A Felony, is mandated for reversal by the authorities, etc., herein. The Delaware Superior Court #2 is respectfully requested to **GRANT** this Petition for Post-Conviction Relief, and for all other relief just and proper in the premises.

Respectfully Submitted,

William E. Barnhouse, 894890
Indiana State Prison, C-241
P.O. Box 41
Michigan City, Indiana.
46361-0041

Petitioner / Pro-se

## AFFIRMATION

I, William E. Barnhouse, hereby affirm under the penalties for perjury that the foregoing representations are true to the best of my knowledge and belief.

William E. Barnhouse,
Petitioner / Pro-se

-14-

0024

## CERTIFICATE OF SERVICE

I, William E. Barnhouse, hereby certify that I have served a true and correct copy of the foregoing Petition for Post-Conviction Relief and Memorandum Of Law In Support on the Clerk of the Delaware Superior Court #2 by placing same in the United States mail, properly addressed and with sufficient first class postage affixed, on the 27th·, day of September, 1994.

*William E. Barnhouse*
William E. Barnhouse, #894890
Indiana State Prison, C-241
P.O. Box 41
Michign city, Indiana.
46361-0041

Petitioner / Pro-se

-15-

0025

STATE OF INDIANA    )    IN THE DELAWARE SUPERIOR COURT
                         ) SS:
COUNTY OF DELAWARE   )    CAUSE NO. 18D02-9204-CF-46

WILLIAM BARNHOUSE,   )
    Petitioner,      )
                      )
   vs.            )
                      )
STATE OF INDIANA,    )
    Respondent.      )

FILED
CLERKS OFFICE
DELAWARE CO., INDIANA

**DEC 2 6 2000**

*Karen D. Winger*
CLERK

## MOTION TO WITHDRAW PETITION FOR
## POST-CONVICTION RELIEF WITHOUT PREJUDICE TO REFILE

Comes now Petitioner, William Barnhouse, by counsel, Cynthia M. Russell, Deputy State Public Defender, and respectfully requests that he be allowed to withdraw the Petition for Post-Conviction Relief filed, pursuant to Post-Conviction Remedy Rule 1, Section 4(c).

WHEREFORE, Petitioner prays that the Court grant this Motion, thereby ordering the Petition for Post-Conviction Relief be withdrawn and for all other just and proper relief in the premises.

Respectfully submitted,

SUSAN K. CARPENTER
PUBLIC DEFENDER OF INDIANA
ATT. NO. 0003127-49

By: *Cynthia Russell*

Cynthia M. Russell
Deputy Public Defender
Att. No. 15256-03

FILED
DELAWARE CIRCUIT COURT NO. 2
DELAWARE COUNTY, INDIANA

**DEC 2 6 2000**

*Richard A. Dailey*
JUDGE

PUBLIC DEFENDER OF INDIANA
One North Capitol, Suite 800
Indianapolis, IN 46204-2026
Telephone:  (317) 232-2475

0026

| STATE OF INDIANA | ) | | IN THE DELAWARE SUPERIOR COURT |
|---|---|---|---|
| | ) | SS: | |
| COUNTY OF DELAWARE | ) | | CAUSE NO. 18D02-9204-CF-46 |

| WILLIAM BARNHOUSE, | ) |
|---|---|
| Petitioner, | ) |
| | ) |
| vs. | ) |
| | ) |
| STATE OF INDIANA, | ) |
| Respondent. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that I have this 22nd day of December 2000, served upon Richard W. Reed, Prosecuting Attorney, 46th Judicial Circuit, a copy of the above and foregoing **MOTION TO WITHDRAW PETITION FOR POST-CONVICTION RELIEF WITHOUT PREJUDICE TO REFILE**, pursuant to Trial Rule 5(B)(2), by mailing it by deposit in the United States mail, first class postage affixed, addressed to 312 County Building, 100 W. Main Street, Muncie, Indiana 47305.

Respectfully submitted,

SUSAN K. CARPENTER
PUBLIC DEFENDER OF INDIANA
ATT. NO. 0003127-49

By: _Cynthia Russell_

Cynthia M. Russell
Deputy Public Defender
Att. No. 15256-03

PUBLIC DEFENDER OF INDIANA
One North Capitol, Suite 800
Indianapolis, IN 46204-2026
Telephone: (317) 232-2475

STATE OF INDIANA     )     IN THE DELAWARE SUPERIOR COURT
                       ) SS:
COUNTY OF DELAWARE    )     CAUSE NO. 18D02-9204-CF-46


WILLIAM BARNHOUSE,    )
    Petitioner,     )
                   )
    vs.           )
                   )
STATE OF INDIANA,     )
    Respondent.     )

## ORDER

Petitioner, William Barnhouse, by counsel, Cynthia M. Russell, Deputy State Public Defender, files Motion to Withdraw Petition for Post-Conviction Relief Without Prejudice To Refile, said Motion being in the words and figures as follows, to-wit:

[H.I.]

And the Court having examined and considered said Motion, and being duly advised in the premises, now **GRANTS** said Motion.

Petitioner's Petition for Post-Conviction Relief is hereby Withdrawn Without Prejudice to Refile.

Dated this _____26_____ day of _____December_____, 2000.

                                   _____
                                   Honorable Richard A. Dailey, Judge
                                   Delaware County Superior Court
                                   Muncie, Indiana
                                   Pro Tem


Copies to:

Ms. Cynthia M. Russell         Mr. Richard Reed
Deputy State Public Defender   Prosecuting Attorney
One N. Capitol, Suite 800     Delaware County
Indianapolis, Indiana 36204-2026

JUNE, 10TH 2002

WILLIAM E. BARNHOUSE  894890
INDIANA  STATE PRISON
P.O. BOX # 41
MICHIGAN CITY, INDIANA  46361-004

CLERK OF THE COURT
DELAWARE SUPERIOR COURT
100 W. WASHINGTON STREET
MUNCIE, INDIANA 47305

DEAR CLEARK

PLEASE FIND INCLOSED (4) PETITIONS FOR
POST CONVICTION RELIEF I WISH TO FILE IN THIS COURT
(3) COPYS ARE FOR THE COURT AND (1) COPY IS SO
YOU CAN SEND ME A FILED STAMPED COPY FOR MYSELF.
THANK YOU FOR YOUR ASSISTANCE IN THIS MATTER.

SINCERLY

x William Barnhouse C.
WILLIAM E. BARNHOUSE

18D02-9204-CF-46

**FILED**
CLERKS OFFICE
DELAWARE CO., INDIANA

JUN 1 1 2002

Karen D. Wenger
CLERK

**FILED**
DELAWARE CIRCUIT COURT NO.2
DELAWARE COUNTY, INDIANA

JUN 1 1 2002

Richard A. Dailey
JUDGE

0029

Wed Jun 12 2002 11:01:13                                          Page 1

                          CHRONOLOGICAL CASE SUMMARY
                    CRIMINAL DOCKET, DELAWARE CIRCUIT COURT NO. 2

                      FOR CAUSE NO: 18C02-0206-PC-0004
                             WILLIAM BARNHOUSE V STATE
                          THE HONORABLE RICHARD A DAILEY
ACTION: POST CONVICTION RELIEF                       DATE FILED:   06/12/2002
                                                     ORIG FILE DT: 06/12/2002

    ENTRY/FEE BOOK:     PAGE:          CB
      BOOK:         O   PAGE: O
      BOOK:         O   PAGE: O
--------------------------------------------------------------------------
             ATTORNEYS                        PARTIES
--------------------------------------------------------------------------

                                    PETITIONER/DEFENDANT
                                    WILLIAM E BARNHOUSE
                                    #894890 INDIANA STATE PRISON
                                    PO BOX 41
                                    MICHIGAN CITY IN 46361-0041

                                    RESPONDENT
    6008-18     RICHARD W REED       STATE OF INDIANA
                PROSECUTOR'S OFFICE
                3RD FLOOR COUNTY BLDG
                MUNCIE IN 47305
                765-747-7801


--------------------------------------------------------------------------
CHRONOLOGICAL SUMMARY OF FILINGS AND PROCEEDINGS
--------------------------------------------------------------------------

   06/12/2002   Notice: N                        RJO:  N

Petition for Post Conviction Relief filed under cause number
18D02-9204-CF-46, by defendant, pro-se. mm

IN THE *SUPERIOR* COURT OF _DELAWARE_ COUNTY

DELAWARE CIRCUIT COURT NO.2

STATE OF INDIANA   DELAWARE COUNTY, INDIANA

_William E. Barnhouse_ )
Full Name of Movant )

JUN 1 1 2002

)
_894890_ ) Case No._____
Prison Number (if any) ) JUDGE

) (To be supplied by the clerk
v. ) of the court)
)
STATE OF INDIANA, Respondent. ) (8002) 9204 CF46
)

## PETITION FOR POST-CONVICTION RELIEF

### INSTRUCTIONS -- READ CAREFULLY

In order for this motion to receive consideration by the court, it shall be in writing (legibly handwritten or typewritten), signed by the petitioner and verified before a person authorized to administer oaths, and it shall set forth in concise form the answers to each applicable question. If necessary, petitioner may furnish his answer to a particular question on the reverse side of the page or an additional blank page. Petitioner shall make it clear to which question any such continued answer refers.

This motion must be filed in the court which imposed sentence.

Under the provisions of Rule PC 1, petitioner is required to include in this motion every ground known to him for vacating, setting aside or correcting his conviction and sentence. Be sure to include every ground.

Since every motion must be sworn to under oath, any false statement of a material fact therein may serve as the basis of prosecution and conviction for perjury. Petitioners should therefore exercise care to assure that all answers are true and correct.

If the motion is taken in forma pauperis, it shall include an affidavit (attached at the back of the form) setting forth information which establishes that petitioner will be unable to pay costs of the proceedings. When the motion is completed, *the original and two copies* shall be mailed to the clerk of the court from which he was sentenced.

1. Place of detention, if detained _Indiana State Prison_

_Michigan City, Indiana_

0032

If not, present address _N/A_

2. Name and location of court which, and name of judge who, imposed sentence

_DELAWARE SUPERIOR COURT; HON. RICHARD A. DAILEY, JUDGE_

3. The case number and the offense or offenses for which sentence was imposed

_18D02-9204-CF-46; CT. (1): RAPE-(A)FELONY/CT. (2): SEXUAL DEVIATE CONDUCT -(A)FELONY_

4. The date upon which sentence was imposed and the terms of the sentence _1-14-93;_

_CT. (1) FORTY YEARS EXECUTED SENTENCE; CT. (2) FORTY YEARS_

_EXECUTED SENTENCE, CONSECUTIVE TO CT. #(1)_

5. Was the finding of guilty made:

( ) After a plea of guilty?  OR

(X) After a plea of not guilty?

6. Did you appeal from the judgment of conviction?

(X) Yes          ( ) No

7. If you answered "yes" to (6), list:

(a) The name of the court to which you appealed: _COURT OF APPEALS OF_

_INDIANA, 5TH DISTRICT._

(b) The result in such court and the date of such result: _____

_JUDGEMENT "AFFIRMED" ON OCTOBER 21 1993 IN_

_MEMORANDUM DECISION_

2

0033

8. State concisely all the grounds known to you for vacating, setting aside or correcting your conviction and sentence. (See Rule PC 1, Sec. 1a)

(a) MR. BARNHOUSE WAS DENIED HIS CONSTITUTIONAL RIGHTS UNDER THE SIXTH, FOURTEENTH AMMENDMENTS TO EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL. VIOLATING BOTH FEDERAL & STATE CONSTITUTIONS

(b) MR. BARNHOUSE WAS DENIED HIS CONSTITUTIONAL RIGHTS UNDER THE SIXTH, FOURTEENTH AMMENDMENTS TO EFFECTIVE ASSISTANCE OF COUNSEL UPON APPEAL. VIOLATING BOTH FEDERAL & STATE CONSTITUTIONS

(c) THE TRIAL COURT ABUSED ITS DESCRETION VIOLATING MR. BARNHOUSES RIGHTS TO A FAIR AND IMPARTIAL TRIAL. VIOLATING BOTH FEDERAL AND STATE CONSTITUTIONS

(If you have more grounds, use reverse side or separate sheet)

9. State concisely and in the same order the facts which support each of the grounds set forth in (8).

(a) TRIAL COUNSELS ACTS AND OMMISSIONS INCLUDE BUT ARE NOT LIMITED TO FAILURE TO OBJECT TO ADMISSION OF PRE TRIAL AND IN COURT IDENTIFICATION DESPITE HI MOTION TO SUPPRESS, PEMBERTON US. STATE 560 N.E.2d 524(IND. 1990) FAILED TO PROPERLY OBJECT TO DENIAL OF TRIAL COURTS REFUSAL TO GIVE OURY A IDENTIFICATION JURY INSTRUC CONTRARY TO U.S. US. ANDERSON 739 F.2d 1254(1984) COUNSELS REPRESENTATION WAS PREFUNCTORY. (SEE ATTACHMENT)

(b) APPEAL COUNSEL WHO WAS THE SAME ATTORNEY AS TRIAL COUNSEL JACK QUIRK, FAILED TO PRESENT ALL VALID MERITORIOUS, ISSUES ON APPEAL THAT APPEAR ON THE FACE OF THE RECORD. AND THAT APPEAL COUNSEL HAS A DUTY TO PRESENT TO APPEAL COURT FOR REVIEW.

THE TRIAL COURT ABUSED ITS DESCRETION IN DENYING CORRECT IDENTIFICATION
(c) JURY INSTRUCTION TENDERED AND BY AMMENDING ADDITIONAL CHARGE OF SEXUAL DEVIATE CONDUCT AFTER OMINIOUS DATE. JOYNER US. STATE 678 N.E.2d 336(IND 199 DAVENPORT US. STATE 696 N.E.2d 870(IND 1998) AND BY FAILING TO PROPERLY ADDRESS A CONFLICT OF INTREST ISSUE BETWEEN COUNSEL AND DEFENDENT. LAHA US. STATE 743 N.E.2d 1121 (IND. 2001) (SEE ATTACHMENT)

3

10. Prior to this petition, have you filed with respect to this conviction:

(a) Any petition for post conviction relief pursuant to Rule PC 1 or PC 2?

(x) Yes          ( ) No

(b) Any petitions for habeas corpus in state or federal courts?

( ) Yes          (x) No

(c) Any petitions in the United States Supreme Court for certiorari?

( ) Yes          (x) No

(d) Any other petitions, motions or applications in this or any other court?

(x) Yes          ( ) No

11. If you answered "yes" to any part of (10), list with respect to each petition, motion or application:

(a) Its specific nature:

i. _POST CONVICTION RELIEF - WITHDRAWN WITHOUT PREDJUICE_

ii. _N/A_

iii. _MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM ATTORNEY_

(b) The name and location of the court in which each was filed:

i. _DELAWARE SUPERIOR COURT._

ii. _N/A_

iii. _DELAWARE SUPERIOR COURT_

(c) The disposition of the petition, motion or application and the date of disposition:

i. _WITHDRAWN WITHOUT PREDJUICE   1998 OR 1999_

ii. _N/A_

iii. _DENIED JULY 1994_

4

0035

(d) If known, citations of any written opinions or orders entered pursuant to each disposition:

    i. _N/A_

    ii. _N/A_

    iii. _N/A_

12. Has any ground set forth in (8) been previously presented to this or any other court, *state or federal*, in any petition, motion or application which you have filed?

    (X) Yes          ( ) No

13. If you answered "yes" to (12), identify:

(a) Which grounds have been previously presented:

    i. _N/A PREVIOUS P.C.R. WAS WITHDRAWN WITHOUT PREDJUICE (1999_

    ii. _N/A_

    iii. _N/A_

(b) The proceeding in which each ground was raised:

    i. _POST CONVICTION RELEIF - WITHDRAWN WITHOUT PREJUDICE (1999_

    ii. _N/A_

    iii. _N/A_

14. Were you represented by an attorney at any time during the course of:

(a) Your preliminary hearing?

    (X) Yes          ( ) No

(b) Your arraignment and plea?

    (X) Yes          ( ) No

5

(c) Your trial, if any?

(X) Yes            ( ) No

(d) Your sentencing?

(X) Yes            ( ) No

(e) Your appeal, if any, from the judgment of conviction or the imposition of sentence?

(X) Yes            ( ) No

(f) Preparation, presentation or consideration of any petitions, motions or applications with respect to this conviction, which you filed?

( ) Yes            (X) No

15.    If you answered "yes" to one or more parts of (14), list:

(a) The name and address of each attorney who represented you:

i. JACK QUIRK 117 E. MAIN ST. MUNCIE, INDIANA 47305

ii. CYNTHIA RUSSELL 1 NORTH CAPITOL SUITE 800 INDPLS. IN. 46204

iii. _____

(b) The proceedings at which each such attorney represented you:

i. 14 (A) THRU 14 (E)

ii. PREVIOUS P.C.R. PETITION WITHDRAWN WITHOUT PREJUICE 1998 OR 99

iii. _____

(c) Was said attorney:

(X) Appointed by the court? OR

( ) Of your own choosing?

16.    Have you completed service of the challenged sentence?

( ) Yes            (X) No

6

17.   Have you retained an attorney to represent you in this proceeding?

      ( ) Yes          (X) No

18.   If you are without sufficient funds to employ counsel and are incarcerated in the Indiana Department of Correction, the Public Defender may represent you. If you check "NO" you lose the right to representation by the State Public Defender for the duration of this proceeding, including any appeal therefrom.

      (a) Do you wish to have the Public Defender represent you?

      (X) Yes          ( ) No

      (b) If yes, have you completed the Affidavit of Indigency attached to this form, stating your salary, if any, amount of savings, and all property owned by you?

      (X) Yes          ( ) No

                              x _William Barnhouse_
                              Signature of Petitioner

State of _Indiana_      )
                        )
County of _LaPorte_     )


      I, _William E. Barnhouse_, being duly sworn upon my oath, depose and say that I have subscribed to the foregoing petition; that I know the contents thereof; that it includes every ground known to me for vacating, setting aside or correcting the conviction and sentence attacked in this motion; and that the matters and allegations therein set forth are true.

                              x _William Barnhouse_
                              Signature of Affiant

Subscribed and sworn to before me this _04TH_ day of _June_, _2002_.

                              _____
                              Notary Public

My Commission Expires:        _H Wilson_
                              Name Printed

_03_   _29_   _2007_          _Porter_
(month) (day)  (year)         County of Residence


7

                                                              0038

## AFFIDAVIT OF INDIGENCY

### (See instructions page 1 of this form)

I AM INDIGENT I HAVE NO MONEY, STOCKS, BONDS OR PROPERTY OR VEHICLES TO PAY THE COSTS OF THIS ACTION I AM PRESENTLY ONLY RECIEVING $5.00 DOLLARS A MONTH AS STATE PAY

x _William Barnhouse_
**Signature of Petitioner**

State of _INDIANA_ )

County of _LAPORTE_ )

I, _William E. Barnhouse_, being duly sworn upon my oath, depose and say that I have subscribed to the foregoing affidavit; that I know the contents thereof; and that the matters therein set forth are true.

x _William Barnhouse_
**Signature of Affiant**

Subscribed and sworn to before me this _04th_ day of _June_, _2002_.

_____
**Notary Public**

_H. Wilson_
**Name Printed**

**My Commission Expires:**

_Porter_
**County of Residence**

_03_     _29_     _2007_
(month)   (day)   (year)

8

8-(A) AND 9-(A) CONTINUED FROM PAGE NO.# 3

AND FAILED TO SUBJECT THE PROSECUTIONS CASE TO MEANINGFUL ADVERSIAL
TESTING UNDER THE United States VS. CRONIC 104 S.CT. 2039, 466
U.S. 648 (1984) STANDARD. MR. BARNHOUSE'S DEFENSE WAS OBVIOUSLY
MISTAKEN IDENTITY AND UNNECESSARILY SUGGESTIVE "SHOW UP" IDENTIFICATION
PROCEEDURES IN WHICH COUNSEL FAILED TO FULLY AND ADEQUATELY PROBE
AND EXPLORE OR EXAMINE AND INVESTIGATE THOSE PROCEEDURES, NOR DID
COUNSEL EVEN CALL OR EXAMINE THE VICTEM P.L. DURING THE HEARING
FOR SUPPRESSION OF THE UNNECESSARILY SUGGESTIVE SHOW UP IDENTIFICA
-ION THEN FAILS TO OBJECT TO THAT PRE-TRIAL SHOW UP IDENTIFICATION
PROCEEDURE AND TESTIMONY THEREOF AND THE IN-COURT IDENTIFICATION
TESTIMONY BY THE SOLE EYE-WITNESS AND VICTEM P.L. UNDER WHICH
SUCH "BIGGERS" FACTORS TO DETERMINE RELIABILITY ARE WOEFULLY
LACKING. AND IN THE ALTERNITIVE COUNSEL HAD ADVANCED THE
INSANITY DEFENSE WHICH WAS VALID AND WARRENTED DUE TO KNOWN
EXTENSIVE PAST MENTAL HEALTH COMMITTMENTS AND CONTINOUS HISTORY
THE COURT'S APPOINTMENT OF DR.S KRAUSE AND DR. YEARLING WERE
APPROPERIATE BUT THE CONFLICTING DIAGNOSIS SHOULD HAVE TRIGGERED
ANY REASONABLE ATTORNEY TO PETITION THE COURT FOR FUNDS TO HIRE
A DEFENSE EXPERT PSYCHOLOGIST AND/OR PSYCHIATRIST TO FURTHER
AND PROPERLY ADVANCE HIS CLIENTS VALID DEFENSE EFFECTIVELY
AS EXPLAINED IN WILLIAMS VS. STATE 508 N.E. 2d. 1264 (IND. 1987) AND
TERRY VS. STATE 465 N.E. 2d. 1085 (IND. 1984) FURTHER COUNSELS
ADVERSIERIAL TESTING OF CARL SOBIERALSKI HAIR ANALYSIS EXPERT FOR
THE STATE WAS INADEQUATE. ALTHOUGH COUNSEL DID OBJECT ON
IMPROPER FOUNDATION GROUNDS AT TRIAL HE DID VERY LITTLE IN THE
WAY DISCREDITING THE UNSCIENTIFIC HAIR ANALYSIS COMPARISON AND
SUCH TESTIMONY MISLEAD THE JURY. AS INDIANA APPELLATE COURT REVERSED
A CASE ON THESE EXACT SAME GROUNDS INVOLVING MR. CARL SOBIERALSKI IN
MC GREW VS STATE. 673 N.E. 2d. 787 (IND. APP. 1996) COUNSEL SHOULD
AT THE VERY LEAST RAISED THIS ISSUE UPON DIRECT APPEAL THAT HE
PROPERLY OBJECTED TO DURING TRIAL. AND THE SAME IS ALSO TRUE OF
THE D.N.A. EXPERT MR. TODD BILLIE INDIANA STATE POLICE FORENSIC
SEAROLOGIST TEST RESULTS WERE NOT INDEPENDANTLY TESTED COUNSEL
DID NOT MAKE SUCH A REQUEST TO THE COURT. FOR PROPER ADVERSERIAL
TESTING. AND PROPER FOUNDATION DURING TRIAL NOR ANY OBJECTION OR
CONSIDERATION UNDER EVIDENCE RULE # 403 THAT THE PREDJUICEAL

EFFECT IS OUTWEIGHED BY PROBATIVE VALUE ON BOTH THE HAIR ANALYSIS COMPARISON BY CARL SOBIERALSKI AND THE D.N.A. EXPERT MR. TODD BILLIE D.N.A EVIDENCE WAS NEW DURING THE TIME PERIOD THIS TRIAL TOOK PLACE, AND UNDER TODAYS STANDARDS OF DAUBERT US. MERRELL DOW PHARMACEUTICALS 509 U.S. 579, 113 S.CT. 2786 (1993) AND EVIDENCE RULE 702(B) AND KUMHO TIRE COMPANY, LTD. US. CARMICHAEL 119 S.CT. 1167 526 U.S. 137 (1999) THE U.S. SUPREME COURT'S GUIDANCE IN RELATION TO BOTH HAIR ANALYSIS COMPARISON IN AKE US. OAK. AND D.N.A. EVIDENCE ADMISSIBILITY AND PROPER FOUNDATION'S NONE OF THE EVIDENCE IN MR. BARNHOUSES TRIAL COULD HAVE BEEN ADMITTED AND AFTER READING THE RECORD OF PROCEEDINGS IN THIS CASE THE PREFUNCTORY REPRESENTATION AND FAILURE TO ADEQUATELY SUBJECT THE STATES CASE TO THE CRUCIBLE OF MEANINGFUL ADVERSARIAL TESTING. AND THUS BARNHOUSE WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AS GUARENTEED BY THE SIXTH AMMENDMENT.

BARNHOUSE INCORPORATES ISSUE 8(A) & 9(A) WITH 8(B) AND 9(B) INEFFECTIVE ASSISTANCE OF COUNSEL WITH INEFFECTIVE ASSISTANCE OF APPEAL COUNSEL DUE TO COUNSEL JACK QUIRK BEING BOTH TRIAL AND APPELLATE COUNSEL IN THIS CASE AND THE ISSUES BEING INTERRELATED FURTHER THERE APPEARS TO BE A DEFECTIVE VERDICT RENDERED IN THIS CASE. IN THE RECORD OF PROCEEDINGS THE VERDICT STATES "WE THE JURY FIND THE DEFENDENT, WILLIAM E. BARNHOUSE, GUILTY BUT MENTALLY ILL." THIS VERDICT FORM IS DEFECTIVE IT DOES NOT STATE OF WHAT CHARGE OR WHICH COUNT THE JURY FOUND GUILT. AND DUE COUNSELS FAILURE TO POLL THE JURY ONE CAN NOT DETERMINE THE VERACITY OF THIS VERDICT. THIS VERDICT FORM IS INCONSISTANT WITH THE VERBATIUM READING OF THE JURYS VERDICT UPON ITS RETURN FROM DELIBERAT-IONS.

8-(c) AND   9-(c)   CONTINUED FROM PAGE# 3

COUNSEL INFORMED THE COURT AND ATTEMPTED TO WITHDRAW FROM THIS CASE DUE TO A CONFLICT OF IMTREST THAT AN ATTORNEY IM MR. JACK QUIRKS FIRM ( HIS DAUGHTER) WAS REPRESENTING THE VICTEM PATRICIA LASLEY (CURRENTLY) ON A CASE   THE COURT DENIED THE REQUEST AND INADEQUATELY APARISED THE DEFENDANT OF THE SITUATION TO ILLICIT ITS WAIVER OF A CONFLICT FREE REPRESENTATION BY MENTALLY CHALLENGED DEFENDENT. THIS WAIVER CAN NOT BE DEEMED KNOWINGLY AMD VOLUNTARIALLY AND INTELLIGENT--LY MADE UNDER THE FACT SPECIFIC CIRCUMSTANCES OF THIS CASE. THERE WAS A ACTUAL CONFLICT OF IMTREST IM THIS CASE. AND THE COURTS PREFUNCTORY EXAMINATION OF CONFLICT FREE REPRESENTATION WAS INADEQUATE, A ABUSE OF DESCRETION DENYING MR. BARNHOUSE A FAIR AND IMPARTIAL TRIAL. FURTHER THE COURTS RULINGS ON ADMISSABILITY OF EVIDENCE AND RELIABILITY FOUNDATIONS AND PROBATIVE VALUE OF SCIENTIFIC EVIDENCE TESTIMONY BEING OOT WEIGHED BY ITS PREDJUCIAL EFFECT UPON THE JURY WHEN SAID EVIDENCE WAS NOT CONCLUSIVE EXACT BUT VERY MISLEADING TO THE JURY. THESE RULINGS AND NON-OBSERVENCE TO GATE KEEPING FUNCTIONS OF RELIABILITY FOUNDATIONS AND PREDJUCIAL EFFECT OOT WEIGHING THE PROBATIVE VALUE OF EXPERTS CARL SOBIERALSKI AND TODD BILLIE PER EVIDENCE RULE # 403 THIS ABUSE OF DESCRETION SUBJECTED MR. BARNHOUSE TO A UMFAIR TRIAL WHICH IS NOT SOBJECT TO ANY HARMLESS ERROR ANAYLSIS ARIZONA VS. FULMIMANTE III S.CT. 1246 499 U.S. 279 (1991)

# APPEARANCE FORM (POST-CONVICTION RELIEF)
## Petitioner

Case Number: _____          *(File stamp)*
*(To be supplied by Clerk at the time of filing)*

XX Check if *Pro Se.* In the event the petitioner decides to
represent himself or herself, complete this form listing
address and other service information in number 2.

1.    Name of Petitioner(s): _____

_____
*[See Administrative Rule 1(B)(4) for multiple charges or defendants]*

2.    Case Type of proceeding: _____**MC (P-CR1)**_____
*[See Administrative Rule 8(B)(3)]*

3.    Post-Conviction Relief Attorney information (as applicable):
      Name: _____ Attorney No. _____
      Address· _____ Phone: _____
      _____ FAX: _____
      _____ Computer Address: _____

4.    Will counsel accept service by FAX:  Yes ____  No ____

5.    Additional information required by state or local rule: _____
_____
_____
_____
_____

**Authority:** *Pursuant to Criminal Rule 2.1(A), this form shall be filed at the time a post-conviction relief proceeding is commenced. In emergencies, the requested information shall be supplied when it becomes available. Parties shall advise the court of a change in information previously provided to the court. This format is approved by the Division of State Court Administration.*

0043

**SEN** · **COMPLETE THIS SECTION**

- Co...te items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

. Article Addressed to:

STATE PUBLIC DEFENDER
SUITE 800
ONE NORTH CAPITOL AVE
INDIANAPOLIS, IN  46204

D292CF46

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly) | B. Date of Deliver.
6-18-o

C. Signature
X

☐ Agent
☐ Addresse

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandis
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

. Ar... ...mber
. (T... from service label)

7000 0520 0013 2960 6155

PS Form 3811, March 2001    Domestic Return Receipt    102595-01-M-14

0044

UNITED STATES POSTAL SERVICE

First-Class M̶
Postage & F̶̶ ̶aid
USPS
Permit No. G-10

● Sender: Please print your name, address, and ZIP+4 in this box ●



DELAWARE COUNTY CLERK
P.O. BOX 1089
MUNCIE, IN 47308

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

WILLIAM E. BARNHOUSE #894890
INDIANA STATE PRISON
P.O. BOX 41
MICHIGAN CITY, IN  46361-0041

D292CF46

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly):  B. Date of Delivery
6/19

C. Signature
X   R Evans
☐ Agent
☐ Addressee

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☑ Certified Mail    ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article
(Tr...   7009 0520 0012 0060 6162

PS Form                                    2595-01-M-14

0046



UNITED STATES POSTAL SERVICE

First-Class
Postage & F    aid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

DELAWARE COUNTY CLERK
P.O. BOX 1089
MUNCIE, IN 47308

0047

STATE OF INDIANA          )         IN THE DELAWARE SUPERIOR COURT
                          ) SS:    CRIM. NO. 18D02-9204-CF-46
COUNTY OF DELAWARE        )         PCR NO. 18D02-0206-PC-04

WILLIAM E. BARNHOUSE,     )
     Petitioner,          )
                          )
     vs.                  )
                          )
STATE OF INDIANA,         )
     Respondent.          )

FILED
CLERKS OFFICE
DELAWARE CO., INDIANA

JUL 3 1 2003

Karen Dwenger
CLERK

FILED
DELAWARE CIRCUIT COURT NO.2
DELAWARE COUNTY, INDIANA

JUL 3 1 2003

## MOTION TO WITHDRAW PETITION FOR
### POST-CONVICTION RELIEF WITHOUT PREJUDICE

JUDGE

     Comes now William Barnhouse, by counsel, Cynthia Russell, Deputy State Public Defender, and moves this Court to withdraw the Petition for Post Conviction Relief without prejudice.  The reasons for this Motion are as follows:

     1.  Petitioner filed his petition for post conviction relief on June 11, 2002.

     2.  Undersigned counsel represents petitioner in this action.

     3.  Counsel has reviewed petitioner's case and discussed the case with him.

     4.  It is in the best interest of petitioner and judicial economy to withdraw the petition at this time.

     WHEREFORE, Petitioner Barnhouse, by counsel, respectfully requests this court dismiss the petition for post-conviction relief without prejudice.

                              Respectfully submitted,

                              SUSAN K. CARPENTER
                              PUBLIC DEFENDER OF INDIANA
                              ATT. NO. 0003127-49

                         By:  Cynthia Russell
                              Cynthia M. Russell
                              Deputy Public Defender
                              Att. No. 15256-03

PUBLIC DEFENDER OF INDIANA
One North Capitol, Suite 800
Indianapolis, IN 46204-2026
Telephone:  (317) 232-2475

0048

STATE OF INDIANA      )       IN THE DELAWARE SUPERIOR COURT
                         ) SS:  CRIM. NO. 18D02-9204-CF-46
COUNTY OF DELAWARE   )       PCR NO. 18D02-0206-PC-04

WILLIAM E. BARNHOUSE,  )
    Petitioner,      )
                       )
    vs.              )
                       )
STATE OF INDIANA,     )
    Respondent.      )

## CERTIFICATE OF SERVICE

I hereby certify that I have, this 29th day of July 2003, served upon Mr. Richard Reed, Prosecuting Attorney, 46th Judicial District, a copy of the above and foregoing **Motion to Withdraw Petition for Post-Conviction Relief Without Prejudice**, pursuant to Trial Rule 5(B)(2) by mailing it by deposit in the United States mail, first class postage affixed, addressed to him at 312 County Building, 100 W. Main Street, Muncie, Indiana 47305.

Respectfully submitted,

SUSAN K. CARPENTER
PUBLIC DEFENDER OF INDIANA
ATT. NO. 0003127-49

By: *Cynthia Russell*

Cynthia M. Russell
Deputy Public Defender
Att. No. 15256-03

PUBLIC DEFENDER OF INDIANA
One North Capitol, Suite 800
Indianapolis, IN 46204-2026
Telephone: (317) 232-2475

```
STATE OF INDIANA        )        IN THE DELAWARE SUPERIOR COURT
                        ) SS:    CRIM. NO. 18D02-9204-CF-46
COUNTY OF DELAWARE      )        PCR NO. 18D02-0206-PC-04

WILLIAM E. BARNHOUSE,   )
     Petitioner,        )
                        )
     vs.                )
                        )
STATE OF INDIANA,       )
     Respondent.        )
```

# ORDER

Petitioner, William E. Barnhouse, by counsel, Cynthia M. Russell, Deputy State Public Defender, files **Motion to Withdraw Petition for Post-Conviction Relief Without Prejudice**, said Motion being in the words and figures as follows, to-wit:

[H.I.]

And the Court having examined and considered said Motion, and being duly advised in the premises, now **GRANTS** said Motion.

Petitioner's Petition for Post-Conviction Relief is hereby Withdrawn Without Prejudice.

Dated this _____31st_____ day of _____July_____, 2003.

_____
Judge,
Delaware County Superior Court

Copies to:

Cynthia M. Russell              Richard Reed
Deputy State Public Defender    Prosecuting Attorney
One N. Capitol, Suite 800       Delaware County
Indianapolis, Indiana 36204-2026

0050