STATE OF INDIANA     )          IN THE DELAWARE CIRCUIT COURT NO. 2
                      ) SS:
COUNTY OF DELAWARE  )         CAUSE NUMBER:  18D02-9204-CF-46

STATE OF INDIANA       )

VS                  )

WILLIAM BARNHOUSE    )

FILED
DELAWARE CIRCUIT COURT NO. 2
DELAWARE COUNTY, INDIANA
**MAY 0 9 2017**
*Kimberly S. Dowling*

---

### STATE OF INDIANA'S MOTION TO DISMISS

---

COMES NOW the State of Indiana, by and through counsel, Eric M. Hoffman, Chief Deputy Prosecutor within and for the 46th Judicial Circuit, State of Indiana, and moves the Court to dismiss the above-entitled cause of action without prejudice for the following reason(s), to wit:

1.     On December 15, 1992, the Defendant was convicted of one Count of Rape and one Count of Criminal Deviate Conduct, arising from the April 21, 1992 rape of the victim P.L.  On both counts, the jury found him guilty but mentally ill.

2.     During the investigation stage of this case, the victim went to the hospital where a sexual assault kit and the jeans she was wearing were collected.  Those items were sent to the Indiana State Police lab for analysis.  At trial, the State presented expert testimony of a forensic serologist from the Indiana State Police crime lab.  The expert testified that he observed sperm on the victim's vaginal and cervical swabs and semen in the inside crotch area of



her jeans. However, given the point in history that the trial occurred, the technology of DNA analysis was not available.

3.     In January of 2016, with the consent of the Delaware County Prosecutor's Office, the Delaware Circuit Court entered an Agreed Order for Post-Conviction DNA Testing in this case.  Under the terms of that Order, the victim's sexual assault kit and jeans were subjected to post-conviction DNA testing.  The testing was conducted in contemplation of filing a petition for post-conviction relief pursuant to Ind. Code § 35-38-7-5.

4.     In 2016, DNA testing identified the male DNA profile of the sperm on the victim's jeans.  The same male profile was identified on the sperm found on the victim's vaginal and cervical swabs.  A representative of the Muncie Police Department collected a new buccal (saliva) sample from the Defendant.  The unknown male DNA profile was compared to the Defendant's DNA profile.  The Defendant was excluded as the source of the sperm on the victim's jeans and the victim's vaginal swabs.

5.     The results of post-conviction DNA testing are favorable to the Defendant within the meaning of § 35-38-7-19.  The DNA test results prove that the sperm on the victim's jeans and the sperm on the victim's vaginal swabs – which the State argued at trial was deposited by the perpetrator – did not come from the Defendant.  Accordingly, the State and the Defendant jointly petitioned the Court to vacate the Defendant's convictions and set the matter for a new trial. The Court granted said joint motion.

6.     The State has diligently reviewed the case, the evidence, and the law applicable to the case.

7.     There is no way to determine when the sperm was deposited in and on the victim.  For example, the sperm could have been deposited via consensual sex shortly before she was raped.   Conversely, the sperm could have been deposited during the rape.   At this time, the State is unable to scientifically determine whether the sperm from the unknown male was deposited at a point in time prior to the rape or during the rape itself.  The fact remains that the sperm on the victim's vaginal and cervical swabs and semen in the inside crotch area of her jeans belongs to an unknown male, not the Defendant.

8.     The unknown male DNA in this case, has been searched against known profiles in the Combined DNA Index System (CODIS).   The CODIS database contains known DNA profiles of individuals convicted of certain criminal offenses.  This search has been performed on a routine basis since December 16, 2016.  As of the date of the filing of this Motion, there has yet to be a match.

9.     Consequently,   given   all   of   the   aforementioned   facts   and circumstances, the State has determined that should this case proceed to re-trial, the State will not be able to prove the Defendant's guilt beyond a reasonable doubt.  Accordingly, dismissal is in the best interests of justice.

10.     The State has discussed this matter with the victim and she has indicated that understands the situation and further understands the State's decision to dismiss this case.

WHEREFORE the State of Indiana respectfully requests the Court dismiss this cause of action without prejudice and for all other just and proper relief in the premises.

Respectfully submitted,

Eric M. Hoffman # 24232-18
Chief Deputy Prosecutor
46th Judicial Circuit of Indiana

100 W. Main Street Suite 312
Muncie, IN 47305
765-747-7801
765-747-7830 fax

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a copy of the foregoing has been served on the following counsel of record via electronic mail on or before the date of filing herein:

Seema Saifee

Fran Watson

Eric M. Hoffman

| STATE OF INDIANA | ) | IN THE DELAWARE CIRCUIT COURT NO. 2 |
|---|---|---|
| | ) SS: | |
| COUNTY OF DELAWARE | ) | CAUSE NUMBER:  18D02-9204-CF-46 |

STATE OF INDIANA )
)
VS )
)
WILLIAM BARNHOUSE )

## ORDER ON MOTION TO DISMISS

COMES NOW the State of Indiana, by counsel Eric M. Hoffman, and having filed its Motion to Dismiss, and the Court, having read and examined said Motion and having been duly advised in the premises, now finds that said Motion should be and hereby is GRANTED.

**IT IS THEREFORE ORDERED ADJUDGED AND DECREED** by the Court that the above-entitled cause of action be DISMISSED without prejudice.

SO ORDERED this ___ day of _____, 2017.

_____
KIMBERLY S. DOWLING, JUDGE
DELAWARE CIRCUIT COURT NO. 1

## DISTRIBUTION:

Eric Hoffman

Seema T. Saifee

Frances Watson

FILED
DELAWARE CIRCUIT COURT NO. 2
DELAWARE COUNTY, INDIANA

MAY 0 9 2017

Kimberly S. Dowling